UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS HAYWOOD, JR., | Case No. CV 13-2910 AG (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| SHERIFF LEE BACA, | |
| Respondent. | |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without prejudice.

\* \* \*

According to the habeas petition in this matter, Petitioner was convicted in Long Beach Superior Court in March 2013. That court sentenced him to a term in county jail. Petitioner asserts numerous claims of error against his former attorney, including failure to pursue an evidentiary suppression motion or to test drugs involved in the criminal conviction. (Docket # 1 at 4-5.)

However, it appears from the pleading that Petitioner never presented his claims to the state court of appeal or to the state supreme court on direct review. Under the federal statute that governs review of habeas petitions (AEDPA), state prisoners are required to exhaust (that is, present) their claims to the state's highest court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). On habeas review, this Court can only consider a claim for which the state courts issued a decision that was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

Magistrate Judge Wilner issued an order after a preliminary review of the petition. (Docket # 3.) Judge Wilner explained the statutory requirement that Petitioner exhaust his claims in state court before seeking federal habeas relief. Judge Wilner also gave Petitioner an opportunity to submit a supplemental statement explaining whether Petitioner actually did seek appellate review of his claims in state court before filing in this Court. (Docket # 3 at 2.) Petitioner submitted a timely statement. (Docket # 4.) The statement did not address the question of the exhaustion of Petitioner's claims, though. Rather, Petitioner's statement simply restated the factual basis of his claim of innocence and error below. (Docket # 4 at 1-3.)

* * *

Petitioner's current habeas filing fails on its face satisfy the exhaustion requirements of AEDPA. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

From the face of the petition, it is clear that Petitioner failed to state an exhausted claim for relief. For the reasons set forth above, Petitioner is not entitled to pursue this federal habeas action. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: May 27, 2013

_____
HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

3